HOOD, Judge.
Plaintiff, Mrs. Lillie Young Koerkel, instituted this suit for damages for injuries sustained by her when she allegedly slipped and fell while attempting to walk across a refilled sewer line trench. The defendants are Volentine Construction Company and its insurer, Employers Liability Assurance Corporation. Judgment on the merits was rendered by the trial court in favor of defendants. Plaintiff has appealed.
One important factual issue presented is whether plaintiff has established that she slipped and fell in a trench which had been cut and refilled by defendant Volentine, and thus whether she has shown a causal connection between the accident and the digging and refilling of that trench.
The accident which caused plaintiff to sustain her injuries occurred about 5:30 p. m. on May 28, 1964, on Regard Street, in Mansura, Louisiana. Regard Street is a relatively narrow, blacktopped thoroughfare which runs north and south. A concrete sidewalk runs along the east side of this street, and a shallow ditch runs between the sidewalk and the road bed. Plaintiff lives on the east side of Regard Street. A walkway leads from the front of her home to the sidewalk, and a small concrete bridge spans the ditch, thus providing easy access for pedestrians from plaintiff’s home to the street.
Defendant, the Volentine Construction Company, is a utility contractor. Pursuant to a contract entered into between it and the Town of Mansura, this defendant laid a sewer line along the east shoulder of Regard Street shortly before this accident occurred. A trench, about two feet wide and *124 11 or 12 feet deep, was cut along the east edge of the pavement, and after the pipe had been laid the trench was refilled and repacked with dirt. That portion of the sewer line which ran directly in front of plaintiff’s home was constructed and completed on May 8, 1964. The trench was cut, the pipe was laid and the trench was refilled and packed with dirt on that day.
A heavy rain occurred on the night of May 8, 1964, after the trench in front of plaintiff’s home had been refilled, and that rain caused some of the dirt in that part of the trench to settle and to sink. Volentine was notified of that fact the next morning, and it promptly dispatched a crew of repairmen to the site. Fresh dry dirt was put into the trench, the dirt was repacked and the shoulder of the street was smoothed and redressed immediately after the defect was reported.
Plaintiff, who was 64 years of age when this accident occurred, worked in a department store in Marksville, and she commuted to and from work each day with a friend, in the latter’s automobile. Mrs. Koerkel was aware of the fact that the sewer line had been laid on the street in front of her home, and she had walked over the refilled trench at least twice every day from the time the sewer line was laid until the time this accident occurred, that being a period of about 20 days.
On May 28, 1964, plaintiff left her place of employment at about 5 :30 p. m., and she was transported to her home in an automobile being driven by Mrs. Sheperd Roy. When Mrs. Roy reached a point on Regard Street directly in front of plaintiff’s home, she stopped her car on the pavement, facing south, and plaintiff alighted from the right front door of that vehicle. She stepped on the pavement and then started walking north toward the rear of the automobile. Mrs. Roy proceeded to drive on immediately after plaintiff had alighted, and she did not witness the accident which occurred shortly thereafter. Plaintiff testified that after she had gotten out of the Roy car, and before she reached the sidewalk in front of her home, she slipped and fell. She contends that she sustained a back injury as a result of that accident.
It began raining some time during the day on May 28, 1964. A drizzling rain was still falling and the street in front of plaintiff’s home was very wet when the accident occurred. Mrs. Koerkel testified that immediately before she fell “it was raining in my glasses.” The accident occurred about dusk, but the evidence convinces us that visibility was good enough to permit plaintiff to see the surface of the pavement and of the shoulder while she was walking toward her home.
Plaintiff contends that defendant Volen-tine failed to properly backfill the trench in front of her home, that a part of that backfill became soft and developed a hole or depression in it, that because of darkness and the water she was unable to see the danger, and that she slipped and fell “to her waist” in the depression as she was attempting to walk across the excavated area. She takes the position that Volen-tine’s negligence in failing to properly refill and pack the trench, in failing to provide walkways and warning lights, and in failing to take other precautions to protect pedestrians, was a proximate cause of the accident.
Defendants contend primarily that plaintiff has failed to establish that the accident occurred in the area where the excavation was made, and thus she has failed to show a causal connection between the accident and the construction work which was done by defendant. They deny that the trench was improperly backfilled or that any hazard was created by the work which defendant did in that area. Alternatively, they contend that plaintiff is barred from recovery by her own contributory negligence.
The trial judge, after analyzing all of the evidence in excellent written reasons for judgment, concluded that plaintiff had failed to establish that the defendant had improperly backfilled the trench, that a de- *125 feet of any kind developed in the work which it had done, or that the accident occurred in the area which had been excavated and refilled by Volentine. He found, accordingly, that plaintiff had failed to show any “actionable fault” on the part of the defendant. Our review of the record convinces us that he was correct in reaching that conclusion.
There were no eye witnesses to the accident, other than plaintiff. Her account of the facts as to how the accident occurred, therefore, is the only evidence to that effect which is contained in the record. We agree with the trial judge, however, that her testimony as to how the accident occurred is “most unsatisfactory” and “most confusing.” The trial judge correctly observed that “She never did say that she stepped in the trench.” Yet she intimated strongly in several parts of her testimony that she did slip as she stepped in the excavated and refilled area. She stated, for instance, that she “fell on the street, right where they had dug,” that “the pipe was in and it had sunk, you know, with the fresh dirt,” and that “this part of my body was sunk in that ditch way deep, and my feet was up in the air.” On the other hand, she testified:
“Q. (Interruption) * * * No, excuse me, I’m not asking you where your body was, Mrs. Koerkel, I’m asking you where your feet were? Before you slipped, right at the time you slipped, I want to know where your feet were right at the time you slipped?
“A. My feet was on the road, on the highway, on the pave.
“Q. On the pave?
“A. Yes.
“Q. And so when your feet went out from under you this was on the pavement?
“A. That’s correct.
“Q. This was not in the ditch at all was it?
“A. No.”
Plaintiff’s neighbor, Mrs. Margaret K! LeMoine, walked from the place of her employment on the west side of Regard Street to plaintiff’s home within a very few minutes after, the accident occurred. She apparently encountered no holes in the excavated area as she crossed the street, and she testified that plaintiff told her that she had slipped and fell “in the middle of the street” and that “she struck her head on the street.” Mrs. LeMoine called plaintiff’s employer that evening and repeated that statement to the employer in plaintiff’s hearing, and Mrs. Koerkel did not correct it.
Dr. A. M. Abramson, who examined plaintiff on the evening of May 28, 1964, testified that she told him that “While getting out of a car in Mansura she slipped in the mud falling flat on her back.” The history which plaintiff gave to Dr. D. M. Friefeld that same evening was that “while getting out of her car at 7:30 p. m., in Mansura, she slipped in the mud falling flat on her back.” The history which she gave to Dr. C. W. Lowrey on June 21, 1965, which was more than one year later and after this suit was filed, was that “she fell in Mansura, Louisiana, in a ditch where the city apparently was digging a hole for some sewage.”
The trenches which had been dug and refilled for sewer lines throughout the town, including the one in front of plaintiff’s home, were inspected daily from the time they were refilled until the sewer line project was completed in,January, 1965. These daily inspections were made by employees of Volentine and by an official of the Town of Mansura. The evidence indicates that no reports of defects in that portion of the refilled trench which ran in front of plaintiff’s home were received at any time after May 9, 1964, and no such defects were found by defendant. Of some significance, we think, is the fact *126 that Mrs. Koerkel did not report the defect which she claims caused her to fall, and the evidence shows that no one else reported it. The evidence does not show that any repairs to that part of the street were made after that time, and the photographs which were taken a few months later do not show any holes or depressions at the point where the accident allegedly occurred, as had been indicated by plaintiff’s testimony.
The evidence shows that Mrs. Koerkel has never pointed out to her neighbors, or to anyone else, the hole or depression in which she claims to have fallen, although she alleged and stated that it was deep enough that she sank down “to her waist” in it, and that it required considerable effort and time for her to extricate herself because of the depth of the hole. Not a single witness was produced to testify that such a defect in the sewer project existed. It appears to us that if a hole or depression of that size had existed, someone would have discovered it and would have been available to testify to that effect at the trial which took place more than four years after the accident occurred.
For these reasons, we agree with the findings of the trial judge that plaintiff has failed to show that the accident occurred in the area which had been excavated and refilled by defendant Volentine. The evidence, therefore, does not establish a causal connection between the accident and the manner in which defendant constructed the sewer line.
In view of the conclusions which we have reached as to the facts, it is unnecessary for us to consider the other issues which were raised, including the question of whether plaintiff is barred from recovery by contributory negligence.
The judgment appealed from is affirmed, and the costs of this appeal are assessed to plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.